# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID W. PATTON, M.D. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: _____ |
| ) | |
| AMERITAS LIFE INSURANCE ) | |
| CORP.; PHOENIX LIFE INSURANCE ) | |
| COMPANY, ) | REMOVED FROM CIRCUIT COURT |
| ) | OF JEFFERSON COUNTY, ALABAMA |
| Defendants. ) | CASE NO. 01-CV-2017-901347 |

## NOTICE OF REMOVAL

Defendant AMERITAS LIFE INSURANCE CORP. ("Ameritas"), with the consent of Defendant PHOENIX LIFE INSURANCE COMPANY ("Phoenix") hereby removes this case to the jurisdiction of the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. §§ 1332 and 1441 on the following grounds:

    1.    Plaintiff commenced this civil action against Ameritas and Phoenix in the Circuit Court of Jefferson County Alabama (01-CV-2017-901347) on April 4, 2017.  This notice is filed within 30 days after service of the Summons and Complaint which occurred on April 13, 2017.

    2.    True and correct copies of all pleadings in the state court action are filed herewith as <u>Exhibit A</u> pursuant to 28 U.S.C. § 1446.

## DIVERSITY JURISDICTION

    3.    This case is removable under 28 U.S.C. § 1332, there being complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.

4. Plaintiff David W. Patton is a resident of Jefferson County, Alabama. (Complaint at ¶ 1.) Ameritas and Phoenix are both citizens of states other than Alabama as Plaintiff alleges.[1] (See Complaint at ¶¶ 2 and 3.) The Complaint does not state an amount of damages but it asserts that Plaintiff seeks to recover ongoing benefits under a policy of disability insurance. Under 28 U.S.C. § 1446(c)(2) of the amended rules, the Notice of Removal may assert that the amount in controversy exceeds $75,000 exclusive of interest and costs. In addition, Ameritas asserts that "State practice [in Alabama] . . . permits recovery of damages in excess of the amount demanded" in a complaint. 28 U.S.C. § 1446(c)(2)(B); Ala.R.Civ.Pro. Rule 54(c).

5. Plaintiff Patton, in his complaint, alleges that he is a physician who now is totally disabled, entitling him to monthly payments of long term disability benefits, which he alleges Ameritas has refused to pay after he reached age 65. Under the terms of his policy, Patton would be entitled to lifetime benefits if his claim had arisen from an "accident," whereas his benefits end at age 65 if his disability resulted from a "sickness." Dr. Patton now claims that his disability arose from an accident and he seeks benefits for the remainder of his lifetime.

6. Under the terms of this plan, the additional disability benefits sought by Patton in his present condition (assuming a 5-year life expectancy) have a present value of $220,483. See Exhibit B, Declaration of John Kirtley. Thus the amount in controversy exceeds the $75,000 threshold for this court's jurisdiction.

7. The U.S. Supreme Court held in *Dart Cherokee Basin Operating Co. v. Owens*, ___ U.S. ____, 135 S.Ct. 547 (2014), that a defendant's Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence

---

[1] Ameritas is a Nebraska corporation with its principle place of business in Lincoln, Nebraska. Phoenix is a Connecticut corporation with its principle place of business in Hartford, Connecticut.

proving that amount is not necessary unless the plaintiff contests, or the court questions, the defendant's allegations." *Id*. at 554. See 28 U.S.C. § 1446(c)(2)(B) See also, *Hockenbury v. Hanover Ins. Co.*, 2016 WL 54213 (W. D. Okla. 2016). Even where proof is required, the defendant must adduce "facts that make it *possible* that $75,000 is in play" by estimating potential damages from the allegations of the plaintiff's pleading. *Hockenbury,* 2016 WL 54213 at *2, citing *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th cir. 2008).

8. The phrase "in controversy . . . has never required a party . . . to show that damages 'are greater' or will likely prove greater 'than the requisite amount' specified by statute." *Hammond v. Stamps.com*, 844 F.3d 909, 912 (10th Cir. 2016). Instead, a "more modest" standard applies, determined by whether "a fact finder might legally conclude that damages may exceed the minimum." *Id*. at 911-12. "As the U.S. Supreme Court has held, [to justify remand] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* "[E]ven if it is highly improbable that the plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the 'legally impossible' standard." *Id.*

9. Thus, given the Plaintiff's claim herein, which seeks ongoing "total disability" benefits for the Plaintiff's lifetime, which (if he is successful) may reach $220,483 or more, based on the mortality tables, it is clear that the amount "in controversy" exceeds the sum of $75,000. Accordingly, this Notice of Removal is authorized under 28 U.S.C. § 1446(c) of the amended rules.

10. Venue lies in the Northern District of Alabama because Plaintiff filed the state court action in this judicial district. See 28 U.S.C. § 1441(a) and 1446(a).

11. Ameritas removes this action to federal court with the express consent of Defendant Phoenix Life Insurance Company. See <u>Exhibit C</u>, Declaration of Consent to Removal.

12. Ameritas has given written notice to all adverse parties of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). It also has filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama.

                Respectfully submitted

                */s/ Forrest S. Latta*
                Forrest S. Latta     (LATTF0526)
                forrest.latta@burr.com
                Attorney for Defendant
                Ameritas Life Insurance Corp.

**OF COUNSEL**
**BURR & FORMAN LLP**
11 North Water Street, Suite 22200
Mobile, AL  36602
Tel:    251-344-5151
Fax:    251-344-9696

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon below named counsel of record herein via CM/ECF, email, fax or First Class U.S. Mail on this the 12th day of May, 2017, as follows:

Jeff S. Daniel
jsd10@bellsouth.net
Law Office of Jeff Daniel, P.C.
P. O. Box 131323
Birmingham, Alabama 35213
*Attorney for Plaintiff*

Thomas F.A. Hetherington
Tom.hetherington@emhllp.com
Diane Wizig
Diane.wizig@emhllp.com
Edison McDowell & Hetherington LLP
1001 Fannin Street, Suite 2700
Houston, Texas  77002
*Attorneys for Phoenix Life Insurance Company*

                */s/ Forrest S. Latta*
                Of Counsel