FILED
2017 May-12  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

## ALABAMA SJIS CASE DETAIL

**PREPARED FOR: PATTI GROVE**



County:  **01**    Case Number:  **CV-2017-901347.00**    Court Action:

Style:  **DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL**

**Real Time**

### Case

#### Case Information

| | | | | | |
|---|---|---|---|---|---|
| County: | **01-JEFFERSON -** | Case Number: | **CV-2017-901347.00** | Judge: | **PJB:PAT BALLARD** |
| Style: | **DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL** | | | | |
| Filed: | **04/04/2017** | Case Status: | **ACTIVE** | Case Type: | **BAD FAITH/FRAUD/MISR** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **2** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | **0** | Num of Liens: | **0** | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | **:** | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

#### Comments

Comment 1:

Comment 2:

#### Appeal Information

| | | | | | |
|---|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date Of Appeal: | | | Disposition Type Of Appeal: | | |

#### Administrative Information

| | | | | | |
|---|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subpoenas: | | Last Update: | **04/04/2017** | Updated By: | **AJA** |

### Parties

### Party 1 - Plaintiff INDIVIDUAL - PATTON DAVID W. M.D.

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **PATTON DAVID W. M.D.** | Type: | **I-INDIVIDUAL** |
| Index: | **D AMERITAS LIF** | Alt Name: | | JID: | **PJB** |
| Address 1: | **C/O P.O. BOX 131323** | | | Hardship: **No**   Phone: **(205) 000-0000** | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35213-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | DAN034 | | DANIEL JEFFREY STUART | JSD10@BELLSOUTH.NET | (205) 531-1287 |

## Party 2 - Defendant BUSINESS - AMERITAS LIFE INSURANCE CORPORATION

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **AMERITAS LIFE INSURANCE CORPORATION** | | Type: | **B-BUSINESS** |
| Index: | **C PATTON DAVID** | Alt Name: | | Hardship: | **No** | JID: | **PJB** |
| Address 1: | **C/O CT CORP SYSTEM, AGENT** | | | Phone: | **(205) 000-0000** | |
| Address 2: | **2 N. JACKSON ST, STE #605** | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **04/04/2017** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **04/13/2017** | Service Type | **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Party 3 - Defendant BUSINESS - PHOENIX LIFE INSURANCE COMPANY

#### Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | PHOENIX LIFE INSURANCE COMPANY | Type: | B-BUSINESS |
| Index: | C PATTON DAVID | Alt Name: | | Hardship: No | JID: PJB |
| Address 1: | C/O CT CORP SYST, AGENT | | Phone: (205) 000-0000 | | |
| Address 2: | 2 N. JACKSON ST, STE #605 | | | | |
| City: | MONTGOMERY | State: AL | | Zip: 36104-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

#### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | Court Action For: | | Court Action Date: |
| Amount of Judgement: | $0.00 | | | Exemptions: |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: |
| Comment: | | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: |

#### Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | 04/04/2017 | Issued Type: C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | Return: | Return Type: |
| Served: | 04/13/2017 | Service Type C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | Notice of No Service: | Notice of No Answer: |

#### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

### Financial

#### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $16.26 | $16.26 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $18.69 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $306.00 | $306.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $467.26 | $485.95 | -$18.69 | $0.00 | |

#### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/04/2017 | CREDIT | CONV | 2017129 | 8694440 | $18.69 | C001 | 000 | | N | | | PAS |
| 04/04/2017 | RECEIPT | AOCC | 2017129 | 8694430 | $16.26 | C001 | 000 | | N | | | PAS |
| 04/04/2017 | RECEIPT | CV05 | 2017129 | 8694450 | $306.00 | C001 | 000 | | N | | | PAS |
| 04/04/2017 | RECEIPT | JDMD | 2017129 | 8694460 | $100.00 | C001 | 000 | | N | | | PAS |
| 04/04/2017 | RECEIPT | VADM | 2017129 | 8694470 | $45.00 | C001 | 000 | | N | | | PAS |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 4/4/2017 | 11:58 AM | ECOMP | COMPLAINT E-FILED. | DAN034 |
| 4/4/2017 | 11:59 AM | FILE | FILED THIS DATE: 04/04/2017        (AV01) | AJA |
| 4/4/2017 | 11:59 AM | ORIG | ORIGIN: INITIAL FILING            (AV01) | AJA |
| 4/4/2017 | 11:59 AM | EORD | E-ORDER FLAG SET TO "Y"           (AV01) | AJA |
| 4/4/2017 | 11:59 AM | ASSJ | ASSIGNED TO JUDGE: PAT BALLARD        (AV01) | AJA |
| 4/4/2017 | 11:59 AM | TDMJ | JURY TRIAL REQUESTED              (AV01) | AJA |
| 4/4/2017 | 11:59 AM | STAT | CASE ASSIGNED STATUS OF: ACTIVE       (AV01) | AJA |
| 4/4/2017 | 11:59 AM | SCAN | CASE SCANNED STATUS SET TO: N         (AV01) | AJA |
| 4/4/2017 | 11:59 AM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/4/2017 | 11:59 AM | C001 | C001 PARTY ADDED: PATTON DAVID W. M.D.    (AV02) | AJA |
| 4/4/2017 | 11:59 AM | C001 | LISTED AS ATTORNEY FOR C001: DANIEL JEFFREY STUAR | AJA |
| 4/4/2017 | 12:00 PM | D001 | D001 PARTY ADDED: AMERITAS LIFE INSURANCE CORPORAT | AJA |
| 4/4/2017 | 12:00 PM | D001 | INDIGENT FLAG SET TO: N               (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D001 | CERTIFIED MAI ISSUED: 04/04/2017 TO D001   (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE     (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D002 | D002 PARTY ADDED: PHOENIX LIFE INSURANCE COMPANY | AJA |
| 4/4/2017 | 12:00 PM | D002 | INDIGENT FLAG SET TO: N               (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE     (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D002 | CERTIFIED MAI ISSUED: 04/04/2017 TO D002   (AV02) | AJA |
| 4/4/2017 | 12:00 PM | D002 | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 4/7/2017 | 3:30 PM | ESCAN | SCAN - FILED 4/7/2017 - NOTICE | JOB |
| 4/20/2017 | 11:56 AM | D002 | SERVICE OF CERTIFIED MAI ON 04/13/2017 FOR D002 | MAM |
| 4/20/2017 | 11:56 AM | ESERC | SERVICE RETURN | MAM |
| 4/20/2017 | 12:59 PM | D001 | SERVICE OF CERTIFIED MAI ON 04/13/2017 FOR D001 | MAM |
| 4/20/2017 | 12:59 PM | ESERC | SERVICE RETURN | MAM |

*END OF THE REPORT*

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>01 |
|---|---|---|

ELECTRONICALLY FILED<br>5/12/2017 11:58 AM<br>01-CV-2017-901347.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK

Date of Filing:   Judge Code:
04/04/2017

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DAVID W. PATTON M.D. v. AMERITAS LIFE INSURANCE CORPORATION ET AL

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other    ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

DAN034                4/4/2017 11:58:47 AM                /s/ JEFF S DANIEL
                      Date                                Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES ☐ NO ☑ UNDECIDED

ELECTRONICALLY FILED
4/4/2017 11:58 AM
01-CV-2017-901347.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

DAVID W. PATTON, M.D.,                    )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )          CIVIL ACTION NO.:
                                          )
                                          )
AMERITAS LIFE INSURANCE                   )
CORPORATION;  PHOENIX LIFE                )
INSURANCE COMPANY;                        )
                                          )
          Defendants.                     )

## **COMPLAINT**

1.     Plaintiff, DAVID W. PATTON, M.D. [hereinafter at times referred to as

"Plaintiff"], is over the age of nineteen (19) years and is a resident citizen of Jefferson County,

Alabama.

2.     Defendant AMERITAS LIFE INSURANCE CORPORATION [hereinafter

referred to as "AMERITAS"] is a foreign insurance corporation and resident of Ohio, doing

business in Jefferson County, Alabama.  Upon information and belief, AMERITAS is the

assignee and/or successor in interest of Plaintiff's individual disability insurance policy

originally issued by Home Life Insurance Company, effective in July 25, 1982.  Defendant's

insurance policy was issued to Plaintiff in Alabama through and agent of the defendant.

3.      Defendant PHOENIX LIFE INSURANCE COMPANY [hereinafter referred to

as "PHOENIX LIFE"] is a foreign insurance corporation and resident of Ohio, doing business in

the State of Alabama. Upon information and belief, PHOENIX LIFE was the assignee and/or

successor in interest, at the time Plaintiff's claim was terminated in July 2015. PHOENIX LIFE

has been an assignee and/or successor of Plaintiff's individual disability insurance policy

1

originally issued by Home Life Insurance Company, effective in July 25, 1982. Upon information and belief, PHOENIX LIFE undertook to pay the insurance claim and subsequently made the decision to terminate Plaintiff's disability benefits in July 2015. Upon information and belief, PHOENIX LIFE has a financial relationship to the Plaintiff's insurance benefits.

## FACTS

4.     Plaintiff purchased an individual disability insurance policy from Home Life Insurance Company, effective in July 25, 1982.

5.     The policy schedule of benefits provides disability benefits for injuries and sickness.

6.     Disability benefits from injury provide a lifetime maximum benefit period for the insured.

7.     Disability benefits from sickness provide a maximum benefit period to age 65 for the insured.

8.     The disability policy contains a waiver of premium provision, which provides that "[p]remiums will be waived during the period of total disability even after the period for which monthly income is payable."

9.     On December 10, 1984, Home Life Insurance Company added enhancements and modified the policy benefits.

10.     After 1984, Phoenix Home Life Insurance Company became a successor in interest of Home Life Insurance Company, and assumed all liability for plaintiff's disability policy.

11.     Plaintiff became disabled on or about April 5, 2002, and filed his initial claim for disability under the policy provisions.

12.     On May 31, 2002, Plaintiff submitted his responses to the application questionnaire.  The questionnaire asked: What is the nature of your disability?".  Plaintiff stated: "leiomyosarconoma; disability to left arm from malignancy; chronic progressive degenerative and arthritic problem, primarily knees, ankles, back, (obesity), shortness of breath".

13.     On or about September 6, 2002 Defendants' predecessor in interest, Phoenix Home Life, made the initial payments on plaintiff's disability claim. At that time, defendant was continuing to obtain medical records from plaintiff's physicians and made the initial payment subject to a reservation of rights under the terms of the policy and the claim investigation.

14.     On or about April 25, 2006, Defendant Phoenix Life continued to make monthly disability payments for benefits, subject to a reservation of rights, and identifying the "terms of the policy and our ongoing investigation".

15.     On or about May 10, 2006 Defendant Phoenix Life notified plaintiff that a recent audit of the claim revealed that plaintiff was due additional monthly amounts beginning May 2003 for the Increasing Benefit Rider in his policy.  Defendant stated its previous three-year failure to pay was an "oversight" and paid the previous rider benefits without interest on the past due amounts.

16.     On or about April 6, 2007, plaintiff responded to the defendant's request to verify future benefits. Plaintiff submitted an additional attending physician statement which confirmed Plaintiff's functional conditions were deteriorating.  Upon information and belief, Defendant Phoenix Life did not order additional medical records to further investigate plaintiff's physical condition or periodic injuries.

17.     On or about October 10, 2008, plaintiff responded to the Defendant Phoenix Life's request to verify future benefits. Plaintiff submitted an additional supplemental statement

of claim which confirmed Plaintiff's functional conditions continued to deteriorate. Upon information and belief, Defendant Phoenix Life did not order additional medical records to further investigate plaintiff's physical condition or periodic injuries.

18.      On or about November 30, 2009, Plaintiff responded to the Defendant Phoenx Life's request to verify future benefits. Plaintiff submitted an additional supplemental statement of claim which confirmed Plaintiff's functional conditions continued to deteriorate. Upon information and belief, defendant did not order additional medical records to further investigate plaintiff's physical condition or periodic injuries.

19.      On or about January 2010, Plaintiff's policy was assumed, administered and/or transferred to the Union Central Life Insurance Company.  In 2010, plaintiff began receiving correspondence related to his disability insurance from an entity that identified itself as "Union Central".

20.      On or about July 9, 2010, Plaintiff responded to Union Central's request and submitted an additional supplemental statement of claim and physicians statement which confirmed Plaintiff's functional conditions continued to deteriorate.  Upon information and belief, Union Central did not order additional medical records to further investigate plaintiff's physical condition or periodic injuries.

21.      In 2012, Plaintiff's policy was again assigned, administered and/or transferred back to Phoenix Life Insurance Company.

22.      On or about October 1, 2012, Plaintiff responded to Phoenix Life's request and submitted an additional supplemental statement of claim and physicians statement which confirmed Plaintiff's functional conditions continued to deteriorate.  Upon information and belief, Defendant Phoenix Life did not order additional medical records to further investigate

plaintiff's physical condition or periodic injuries.

23.    On or about October 1, 2013, Plaintiff responded to Phoenix Life's request for future benefits. Plaintiff submitted an additional supplemental statement of claim and physicians statement which confirmed Plaintiff's functional conditions continued to deteriorate.  Upon information and belief, Defendant Phoenix Life did not order additional medical records to further investigate plaintiff's physical condition or periodic injuries.

24.    On or about October 1, 2014, Plaintiff responded to Phoenix Life's request and submitted an additional supplemental statement of claim and physicians statement which confirmed Plaintiff's functional conditions continued to deteriorate. Upon information and belief, Defendant Phoenix Life did not order additional medical records to further investigate plaintiff's physical condition or periodic injuries.

25.    On April 30, 2015, Phoenix Life sent a letter stating that the final benefit payment would be made through July 25, 2015. Upon information and belief, Defendant Phoenix Life calculated that day as the policy anniversary date and the termination of Plaintiff's disability benefits.

26.    On April 30, 2015, Plaintiff's policy continued in force under all available policy language.

27.    Upon information and belief, when terminating the benefits in April 2015, Defendant Phoenix Life did not order additional medical records to further investigate Plaintiff's physical condition or periodic injuries.

28.    On July 9, 2015, Plaintiff submitted his notice of dispute in response to the July 2015 termination of insurance benefits. Plaintiff stated that he continued to suffer from disability primarily from orthopedic injuries which were as a result of traumas or accidents over the course

5

of years. Plaintiff pointed to orthopedic knee, ankle and back problems which were mentioned in the very first claim application requesting benefits on May 31, 2002.

29.     On July 31, 2015, Plaintiff submitted a response with specific items addressing orthopedic injuries and history of Plaintiff's deteriorating orthopedic condition in support of his continuing lifetime benefits under the insurance policy.

30.     In late 2015, Plaintiff's policy was assigned, administered and/or transferred to Ameritas Life Insurance Corporation.

31.     An employee of the Defendant informed Plaintiff's attorney that there was nothing in the claim file about Plaintiff's injuries.  Therefore, Plaintiff through his attorney, ordered a full copy of the claim file from defendants. After Plaintiff received a copy of his claim file documents, on October 26, 2015, Plaintiff submitted a substantial written response containing highlighted documents from the claim file and setting forth the numerous injury references in support of his injury benefit claim. The highlights cited to the orthopedic injuries and accidents and history of plaintiff's deteriorating orthopedic condition. These items support Plaintiff's entitlement to continued and lifetime benefits under the insurance policy.

32.     On November 25, 2015 Americas responded to plaintiff's request for additional benefits. Ameritus submitted a response from its Vice President and Associate General Counsel's office stating that the claim department had referred the claim to the general counsel's office for review. Ameritus never paid Plaintiff's request for lifetime benefits.

33.     From February 10, 2016 and continuing through December 2016, plaintiff submitted multiple additional statements and medical information from his treating and examining physicians confirming his history of trauma and effect on his disabling physical and

orthopedic condition.  To date, defendants have failed to pay Plaintiff's disability benefits beyond July 2015.

34.     On and before April 30, 2015, plaintiff was disabled from his own occupation and from any occupation.  Prior to age 65, Plaintiff was entitled to disability benefits as long as he was disabled from his customary occupation, whether by sickness or by injury. After age 65, he was entitled to benefits if he was disabled from all occupations from injury- and he was so disabled. Prior to April 30, 2015, Defendants maintained a claim file containing medical records, reports and applications showing Plaintiff's disability and the relation to injury.

## COUNT I
## BREACH OF CONTRACT

35.     Plaintiff realleges and incorporates by reference the foregoing paragraphs 1 through 34 and further avers as follows:

36.     Defendants AMERITAS and PHOENIX LIFE, as successors and assignees, entered into a contract to provide disability insurance to Plaintiff.

37.     Plaintiff has performed under the terms of the contract.

38.     Defendants AMERITAS and PHOENIX LIFE breached the disability contract by failing to perform and pay disability insurance benefits to the Plaintiff after July 2015.

39.     As a direct and proximate consequence of AMERITAS and PHOENIX LIFE's breach of the disability contract, Plaintiff has been injured and damaged by losing his disability insurance benefits, suffering stress, anxiety and emotional distress.

40.     Defendants' delay in the claim process and withholding of benefits was unreasonable. The medical opinions of Plaintiff's treating physicians supported his claim for lifetime benefits.  Defendants AMERITAS and PHOENIX LIFE were conscious and/or knew or should have known that the eighteen (18) month delay from July 2015 through the January 2017

denial confirmation letter, and withholding monthly insurance payments during that time, would create an intolerable and/or dangerous condition for Plaintiff's mental solicitude, peace of mind and have an adverse effect on his receipt of insurance benefits.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against AMERITAS and PHOENIX LIFE, jointly and severally, for compensatory damages, in an amount a jury may find he is entitled, plus interest and costs.

## COUNT II
## BAD FAITH FAILURE TO PAY INSURANCE BENEFITS

41.     Plaintiff adopts the allegations and averments of the foregoing paragraphs as if set forth fully herein.

42.     On or about April 30, 2015, Defendants AMERITAS and PHOENIX LIFE, without just cause, failed and refused to pay Plaintiff's disability insurance benefits pursuant to the injury disability provisions of the policy issued to Plaintiff, although Plaintiff has made due demand therefore.  Plaintiff avers that Defendants' actions violate the common law of bad faith and/or *Ala. Code* § 27-12-24 (1975).

43.     Section 27-12-24 is a statute enacted specific to the insurance industry and is applied exclusively to contracts between insurance companies and their insureds.  Section 27-12-24 constitutes a state law which regulates the business of insurance.

44.     Plaintiff avers that Defendants AMERITAS and PHOENIX LIFE have a duty and were obligated to pay Plaintiff's disability injury benefits as described in said policy.

45.     In July 2015, defendants terminated plaintiff's monthly benefits, including the waiver of premium benefit.

46.     On July 9, 2015, plaintiff submitted his notice of dispute in response to the Defendants' July 2015 claim termination.  Plaintiff has submitted substantial medical evidence

that he continued to suffer from disability primarily from orthopedic injuries which for the result of traumas or accidents over the course of years.

47.     Defendants AMERITAS and PHOENIX LIFE have failed to timely pay the Plaintiff's claim, for the monthly disability benefits from May 2015 to the present date.

48.     Following Plaintiff's July 9, 2015 appeal letter and substantial production of medical history confirmation, Defendants PHOENIX LIFE and AMERITAS knew it did not have a reasonable basis to deny the claim.  Defendants AMERITAS and PHOENIX LIFE knew that the claim file contained medical information from qualified treating doctors confirming Plaintiff's disabling condition under the policy language for lifetime injury benefits.

49.     Defendants PHOENIX LIFE and AMERITAS unreasonably delayed the monthly payment and/or processing of the claim, even though by July 2015, Defendants possessed medical evidence to support Plaintiff's lifetime monthly disability injury benefits. Such information was specified and supplemented after July 2015 through correspondence from Plaintiff's counsel to Defendant's counsel.

50.     Defendants' delay in the claim process and withholding of benefits was unreasonable.  Plaintiff and his treating physicians set out clear medical opinions supporting his claim for continued insurance benefits.  Defendants AMERITAS and PHOENIX LIFE were conscious and/or knew or should have known that the eighteen (18) month delay from July 2015 through the January 2017 claim denial, and withholding monthly insurance payments during that time, would damage plaintiff's monthly insurance claim benefits and his peace of mind.

51.     Defendant AMERITAS and PHOENIX LIFE intentionally, consciously, recklessly, knowingly, maliciously and repeatedly failed to determine whether it had a legitimate or arguable reason to dispute plaintiff's treating and examining physicians' confirmation of

disability, or otherwise refuse to pay the injury disability claim for lifetime policy benefits beyond the July 2015 claim termination date. Defendants AMERITAS and PHOENIX LIFE did not possess a legitimate or arguable reason to refuse to pay Plaintiff's disability insurance claim after July 2015.

52.     As a proximate result of the aforementioned wrongful conduct of Defendant AMERITAS and PHOENIX LIFE, Plaintiff has suffered damages from loss of the benefits of the insurance policies, incurred costs for court and other damages to be shown at the time of trial. Moreover, Plaintiff has suffered anxiety, stress, worry, emotional distress and compensable mental anguish.

53.     Defendants AMERITAS and PHOENIX LIFE have acted towards Plaintiff with a conscious disregard of Plaintiff's rights, or with the intent to vex, injure, or annoy Plaintiff such as to constitute wantonness, recklessness, oppression, fraud, bad faith or malice, thereby entitling Plaintiff to punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants PHOENIX LIFE and AMERITAS, jointly and severally, in such sum as a jury may deem just and proper for compensatory and punitive damages, plus interest and cost of this proceeding.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

\_\_/s/ Jeff S. Daniel_____
Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama  35213
Telephone:     (205) 531-1287
Facsimile:     (205) 327-5773

Attorney for the Plaintiff

<u>Plaintiff's Address:</u>
c/o  Jeff S. Daniel
LAW OFFICE OF JEFF S. DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama  35213


<u>Defendants' Addresses:</u>

AMERITAS LIFE INSURANCE CORPORATION
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL  36104

PHOENIX LIFE INSURANCE COMPANY
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL  36104

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

ELECTRONICALLY FILED
5/4/2017 11:58 AM
01-CV-2017-901347.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

DAVID W. PATTON, M.D.,            )
                                  )
        Plaintiff,                )
                                  )
v.                                )        CIVIL ACTION NO.:
                                  )
                                  )
AMERITAS LIFE INSURANCE           )
CORPORATION;   PHOENIX LIFE       )
INSURANCE COMPANY;                )
                                  )
        Defendants.               )

---

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUEST
## TO DEFENDANT AMERITAS LIFE INSURANCE CORPORATION

---

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 34, and hereby propounds to the Defendant, Ameritas Life Insurance Corporation (hereinafter referred to as "AMERITAS" and/or "Defendant"), the following Interrogatories and Requests for Production, responses to which are due within thirty days after service.

(A)     These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)     You are requested to produce the original of each document together with all non-identical copies and drafts of that document.   If the original of any document cannot be located, a copy (identified as a copy) shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(C)     Documents shall be produced as they are kept in the regular course of business. All documents shall be produced in the filed folder, envelope or other container in which the documents are kept or maintained.

(D)     If after conducting a reasonable investigation you cannot respond to a Request, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

## DEFINITIONS

For the purpose of these Requests for Production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(1)     "Identify" when used in reference to a natural person shall mean to state his or her full name and current, last known, resident address, contact information, phone numbers, current employer, and current business address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege it is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

(2)     "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used  to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

(3)     "Correspondence" shall mean any document carried by the United States Mail, electronic communication, the United States Postal Service, any private courier or courier service, facsimile, or transferred or transmitted in any manner whatsoever.

(4)     "You" or "your" shall mean any named Defendant, any fictitious Defendant and/or it's affiliates, subsidiaries, it's present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on it's or it's parents', affiliates' or subsidiaries' behalf.

(5)     "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(6)     "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

(7)     "Incident" shall mean the facts and circumstances giving rise to the  claims made the basis of this lawsuit.

(8)     "Application(s)" shall mean those insurance applications executed by Plaintiff for the purpose of applying for any insurance products with Defendant AMERITAS or successor in interests.

(9)     "Defendant" shall mean AMERITAS and any named defendant and shall include but not be limited to any company that has been purchased, acquired, merged with or controlled by AMERITAS or a subsidiary or parent company of AMERITAS.

(10)     "Insurance Policy(ies)" shall mean any AMERITAS policy issued to the Plaintiff or any policy which replaced or modified said policies.

(11)     "Insurance Products" shall mean any product serviced, marketed and/or sold as insurance by AMERITAS.

(12)     Unless otherwise stated, these requests seek documents concerning the time period from 2002 to the present (the "relevant time period").   The documents to be produced include all documents prepared, dated, sent and/or received during the relevant time period.

## INTERROGATORIES

1.     Please state the name, date of birth, social security number, present business address, present employer and telephone number of each person who provided any information of whatever nature or description, relating to any of your answers to these interrogatories and request for production, and specify as to each person what interrogatories that person provided information for.

2.     State the Plaintiff's disability insurance underwriter and this Defendant's correct legal name(s) (i.e. the name in which it can sue or be sued).

3.     State the name, address and policy limits of each principal insurer of this Defendant who reinsured or insured the Defendant against risks or losses for the claims made the basis of this lawsuit, including any excess, umbrella or stop-loss carriers, and the amount of policy limits for each said policy.

4.     State whether the Defendant AMERITAS, its attorneys or any agents of the Defendant or its attorneys has secured, obtained or has any knowledge of any statement or account made by any person, including parties, whether written, recorded or oral, which pertain in any way to the occurrence made the basis of this lawsuit.   If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or either who has custody of said statement(s).

5.     Identify the name, last known address and title of each employee, consultant, agent, predecessor in interest or subcontractor that calculated, analyzed, determined and/or performed claim review work for Plaintiff's claim.

6.      Do you contend any person or entity other than you is, or may be, responsible in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.      List the name, last known address and telephone number of all persons who may have knowledge of the insurance policy and claim submitted by the Plaintiff and/or any treating medical providers.   In your response, please state whether said person is currently employed by a named Defendant, each person's title, address and the issues of which each identified person has knowledge.

8.      Does the Defendant maintain a department, employee, or subcontractor responsible for reviewing, auditing, appealing or investigating disability claim denials?  If so, state the name(s), title(s), employer and location of employment for said person(s).

9.      List the name and address of each and every expert witness you plan to call at the trial of this case.   State the following:
    (a)     his or her qualifications as an expert;
    (b)     the subject matter on which he or she is expected to testify;
    (c)     the expert witnesses' expected testimony.

10.     If you contend that any of the documents requested herein below are privileged, provide the following information:
    (a)     Identify the document by the date it bears, or if none, the date it was written;
    (b)     Identify the document by the name and address of each person who wrote it or participated in the writing of it, by the name and address of each person to whom it was addressed, each person to whom a copy was identified as being directed and by the name and address of each person who received a copy of the document;
    (c)     Identify the document by the description of the document, as for instance, a "letter" or a "memorandum";
    (d)     Indicate the document's present location or custodian; or, if unknown, its last known location or custodian or indicate the location and custodian of any copies;
    (e)     Indicate the reason the document was not produced, i.e.,   attorney-client privilege, work-product privilege, etc.;
    (f)     The facts upon which Defendant relies in support of its claim that it is privileged to withhold the document.

11.     If any of the documents requested herein below or any of the information requested above are not within your possession, custody or control at the time your responses to these discovery requests are due, please list;
    (a)     the last known location of the documents or information;
    (b)     the identity of any person or entity having information about the location of the requested documents and information.

12.     For disability benefits identified in Plaintiff's insurance policy, state the mathematical calculation used to determine the monthly benefit amount, date of inception, date of maturity, and maximum duration of benefits, and present value of the full contract benefits.

13.     Are you a publicly traded company, or a subsidiary of any publicly traded company? If so, state the organizational relationship to the publicly traded company.   In the alternative, you may produce an organization chart that identifies these items.

14.     Have you been sued in the past seven (7) years by an insured or beneficiary challenging your denial of disability insurance benefits ?   If so, identify the case style, case number, type of insurance policy and the outcome of the case (i.e. judgment, joint dismissal, etc).

15.     State the legal relationship between you and Home Life Insurance Company. By way of example only, this seeks information such as, e.g., assignor of a block of policies, successor in interest, acquirer of shares, etc.

16.     State the reason you denied insurance benefit payments to the Plaintiff after July 2015.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All marketing and training documents, including, but not limited to, videotapes, handouts, manuals, guidelines and demonstrative things from January 1, 2005 to the present date for disability insurance claims. Your response shall include but not be limited to all documents relating to and/or supplied by AMERITAS to field agents, prospective customers and for any marketing.

2.     All documents, records, communication, agreements and/or memoranda demonstrating your relationship, business agreement(s), assignment of insurance policy(ies) and/or operating guidelines with Phoenix Life Insurance Company and/or Home Life Insurance Company.

3.     The disability insurance claim training guidelines, reference material, memos and/or manual for disability insurance policies from 2005 to the present date.

4.     The consultant and/or employee file and/or communications of each and every claim department employee and/or medical consultant that reviewed or analyzed the Plaintiff's medical records, and/or insurance claim.

5.     Defendant's complete underwriting files referring or relating in any way to the policy made the basis of Plaintiff's complaint, including but not limited to:

        (a)     All letters, memoranda, and other forms of written communication and written records of oral communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy made the basis of Plaintiff's complaint;

(b)     The file folders in which the preceding documents are kept.

6.      All claim manuals, memoranda, directives, letters and other forms of written communication directed to any claims personnel, claim managers, claim supervisors, or any other person acting on behalf of Defendant in the handling of the claims, that refer or relate in any way to the handling of disability claims generally or to the handling of the claims of like character to the claims made the basis of Plaintiff's complaint, including, but not limited to:

        (a)     The documents reflecting Defendant's claim settlement policies as they existed at the time Defendant denied the claims made the basis of Plaintiff's complaint;

        (b)     The documents reflecting any subsequent change of policy.

7.      All reinsurance, umbrella and/or stop-loss coverage documents and/or policy declarations referring or relating in any way to Defendant's reinsurance of the risks covered by disability policies, including, but not limited to:

        (a)     All letters, memoranda, and other forms of written communication between any employee of Defendant and any reinsurer;

        (b)     All written records of oral communications, whether in person or by telephone, between any employee of Defendant and any reinsurer;

        (c)     The file folders in which such documents are kept.

8.      Produce all proof of loss or claim documents submitted by Plaintiff and/or his medical providers with regard to any claim made the basis of this suit.

9.      All documents, correspondence or papers of any sort rejecting the claim(s) or any aspect of the claim(s) made the basis of this suit.

10.     All statements taken from any person or individual with regard to the claim(s) made the basis of this suit, whether written, oral or transcribed.

11.     All reports or correspondence of any sort between this Defendant and any independent analyst, consultant, medical professional, entity and/or agency with regard to any aspect of the investigation, consideration or refusal of the claim made the basis of this suit.

12.     All memoranda and/or recordings of phone calls between or among the Defendants, Plaintiff, medical providers or any other person, which relates in any way to the claim made the basis of this case.

13.     All correspondence, compensation agreements, electronic communication, invoices and memoranda of any sort between this Defendant and each consultant that you contacted and/or each consultant that provided work in the claim review or decision of the claim made the basis of this case.

14.     All reports received by this Defendant from any person or agency which you hired to investigate, review, consider, or deal with any aspect of the refusal, termination or consideration of the claim made the basis of this case.

15.     All documents or reports of any sort which purport to show any analysis, projection or report of this Defendant's loss ratios on disability insurance for the past seven years in the State of Alabama.

16.     All checks, invoices, agreements, periodic reports or papers of any sort which reflect payment to any person, contractor, administrator or agency hired by this Defendant to do any aspect of the claim made the basis of this suit.

17.     All reports and/or correspondence received from any expert witness who is retained and is expected to testify in this case.

18.     Produce each document and thing that you will offer as evidence in the trial of this matter.


Respectfully submitted,

__/s/ Jeff S. Daniel_____
Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama   35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773
www.JeffDanielLaw.com


Attorney for the Plaintiff


Defendants' Addresses:

AMERITAS LIFE INSURANCE CORPORATION
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL   36104

PHOENIX LIFE INSURANCE COMPANY
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL   36104

**SERVED ON DEFENDANTS WITH SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
4/7/2017 11:58 AM
01-CV-2017-901347.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION

DAVID W. PATTON, M.D.,               )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        CIVIL ACTION NO.:
                                     )
                                     )
AMERITAS LIFE INSURANCE              )
CORPORATION;   PHOENIX LIFE          )
INSURANCE COMPANY;                   )
                                     )
        Defendants.                  )

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUEST TO DEFENDANT PHOENIX LIFE INSURANCE COMPANY

COMES NOW the Plaintiff pursuant to Alabama Rule of Civil Procedure 34, and hereby propounds to the Defendant, Phoenix Life Insurance Company (hereinafter referred to as "PHOENIX LIFE" and/or "Defendant"), the following Interrogatories and Requests for Production, responses to which are due within thirty days after service.

(A)    These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before trial.

(B)    You are requested to produce the original of each document together with all non-identical copies and drafts of that document.   If the original of any document cannot be located, a copy (identified as a copy) shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

(C)    Documents shall be produced as they are kept in the regular course of business. All documents shall be produced in the filed folder, envelope or other container in which the documents are kept or maintained.

(D)    If after conducting a reasonable investigation you cannot respond to a Request, you should so state and answer to the extent that you can, stating what information you do have, what information you cannot provide and stating the efforts to locate and obtain the unknown information.

## DEFINITIONS

For the purpose of these Requests for Production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(1)     "Identify" when used in reference to a natural person shall mean to state his or her full name and current, last known, resident address, contact information, phone numbers, current employer, and current business address; when used with respect to a document (as hereinafter defined) "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction, chart, etc.), its present location, and the identity of each of its current custodians, and shall include documents (a) with respect to which a privilege it is, or may be, claimed and (b) documents which have been destroyed, lost, misplaced or damaged.

(2)     "Document" and "documents" shall mean all documents subject to discovery under the Alabama Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, document (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, chart, report, note (including, but not limited to, notes used  to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, work sheet, memorandum or tape recording of telephone conversation or other conversation, witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross-section, plan, expert analysis, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, video tape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any and all other means of storage and/or transmission of human intelligence.

(3)     "Correspondence" shall mean any document carried by the United States Mail, electronic communication, the United States Postal Service, any private courier or courier service, facsimile, or transferred or transmitted in any manner whatsoever.

(4)     "You" or "your" shall mean any named Defendant, any fictitious Defendant and/or it's affiliates, subsidiaries, it's present or future officers, directors, agents, employees, and any other persons acting or purporting to act for or on it's or it's parents', affiliates' or subsidiaries' behalf.

(5)     "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(6)     "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which concern (as hereinabove defined), or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

(7)     "Incident" shall mean the facts and circumstances giving rise to the   claims made the basis of this lawsuit.

(8)      "Application(s)" shall mean those insurance applications executed by Plaintiff for the purpose of applying for any insurance products with Defendant PHOENIX LIFE.

(9)      "Defendant" shall mean PHOENIX LIFE and any named defendant and shall include but not be limited to any company that has been purchased, acquired, merged with or controlled by PHOENIX LIFE or a subsidiary or parent company of PHOENIX LIFE.

(10)     "Insurance Policy(ies)" shall mean any PHOENIX LIFE policy and/or Home Life policy issued to the Plaintiff or any policy which replaced or modified said policies.

(11)     "Insurance Products" shall mean any product serviced, marketed and/or sold as insurance by PHOENIX LIFE.

(12)     Unless otherwise stated, these requests seek documents concerning the time period from 2002 to the present (the "relevant time period").   The documents to be produced include all documents prepared, dated, sent and/or received during the relevant time period.

## **INTERROGATORIES**

1.      Please state the name, date of birth, social security number, present business address, present employer and telephone number of each person who provided any information of whatever nature or description, relating to any of your answers to these interrogatories and request for production, and specify as to each person what interrogatories that person provided information for.

2.      State the name, dates and addresses of Plaintiff's disability insurance underwriter from 1982 through today, and this Defendant's correct legal name(s) (i.e. the name in which it can sue or be sued).

3.      State the name, address and policy limits of each principal insurer of this Defendant who reinsured or insured the Defendant against risks or losses for the claims made the basis of this lawsuit, including any excess, umbrella or stop-loss carriers, and the amount of policy limits for each said policy.

4.      State whether the Defendant PHOENIX LIFE, its attorneys or any agents of the Defendant or its attorneys has secured, obtained or has any knowledge of any statement or account made by any person, including parties, whether written, recorded or oral, which pertain in any way to the occurrence made the basis of this lawsuit. If so, state separately and severally the name and address of each person from whom a statement was obtained, the date the statement was obtained, and the person or either who has custody of said statement(s).

5.      Identify the name, last known address and title of each employee, consultant, agent, predecessor in interest or subcontractor that calculated, analyzed, determined and/or performed claim review work for Plaintiff's claim.

6.      Do you contend any person or entity other than you is, or may be, responsible in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7.      List the name, last known address and telephone number of all persons who may have knowledge of the insurance policy and claim submitted by the Plaintiff and/or any treating medical providers.   In your response, please state whether said person is currently employed by a named Defendant, each person's title, address and the issues of which each identified person has knowledge.

8.      Does the Defendant maintain a department, employee, or subcontractor responsible for reviewing, auditing, appealing or investigating disability claim denials?  If so, state the name(s), title(s), employer and location of employment for said person(s).

9.      List the name and address of each and every expert witness you plan to call at the trial of this case.   State the following:
        (a)      his or her qualifications as an expert;
        (b)      the subject matter on which he or she is expected to testify;
        (c)      the expert witnesses' expected testimony.

10.     If you contend that any of the documents requested herein below are privileged, provide the following information:
        (a)      Identify the document by the date it bears, or if none, the date it was written;
        (b)      Identify the document by the name and address of each person who wrote it or participated in the writing of it, by the name and address of each person to whom it was addressed, each person to whom a copy was identified as being directed and by the name and address of each person who received a copy of the document;
        (c)      Identify the document by the description of the document, as for instance, a "letter" or a "memorandum";
        (d)      Indicate the document's present location or custodian; or, if unknown, its last known location or custodian or indicate the location and custodian of any copies;
        (e)      Indicate the reason the document was not produced, i.e.,  attorney-client privilege, work-product privilege, etc.;
        (f)      The facts upon which Defendant relies in support of its claim that it is privileged to withhold the document.

11.     If any of the documents requested herein below or any of the information requested above are not within your possession, custody or control at the time your responses to these discovery requests are due, please list;
        (a)      the last known location of the documents or information;
        (b)      the identity of any person or entity having information about the location of the requested documents and information.

12.     For disability benefits identified in Plaintiff's insurance policy,
state the mathematical calculation used to determine the monthly benefit amount, date of inception,
date of maturity, and maximum duration of benefits, and present value of the full contract benefits.

13.     Are you a publicly traded company, or a subsidiary of any publicly traded
company? If so, state the organizational relationship to the publicly traded company.   In the
alternative, you may produce an organization chart that identifies these items.

14.     Have you been sued in the past seven (7) years by an insured or beneficiary
challenging your denial of disability insurance benefits ?   If so, identify the case style, case
number, type of insurance policy and the outcome of the case (i.e. judgment, joint dismissal, etc).

15.     Identify and State the legal relationship between you and Home Life Insurance
Company. By way of example only, this seeks information such as, e.g., assignor of a block of
policies, successor in interest, acquirer of shares, etc.

16.     Identify and State the legal relationship between you and Ameritas Life Insurance
Corporation. By way of example only, this seeks information such as, e.g., assignor of a block of
policies, successor in interest, acquirer of shares, etc.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     All marketing and training documents, including, but not limited to, videotapes,
handouts, manuals, guidelines and demonstrative things from January 1, 2005 to the present date
for disability insurance claims. Your response shall include but not be limited to all documents
relating to and/or supplied by PHOENIX LIFE and/or Home Life to field agents, prospective
customers and for any marketing.

2.     All documents, records, communication, agreements and/or memoranda
demonstrating your relationship, business agreement(s), assignment of insurance policy(ies)
and/or operating guidelines with Ameritas Life Insurance Corporation and/or Home Life Insurance
Company.

3.     The disability insurance claim training guidelines, reference material, memos
and/or manual for disability insurance policies from 2005 to the present date.

4.     The consultant and/or employee file and/or communications of each and every
claim department employee and/or medical consultant that reviewed or analyzed the Plaintiff's
medical records, and/or insurance claim.

5.     Defendant's complete underwriting files referring or relating in any way to the
policy made the basis of Plaintiff's complaint, including but not limited to:
        (a)     All letters, memoranda, and other forms of written communication and
               written records of oral communications, whether in person or by telephone,

referring or relating in any way to the issuance of the policy made the basis of Plaintiff's complaint;

(b)    The file folders in which the preceding documents are kept.

6.    All claim manuals, memoranda, directives, letters and other forms of written communication directed to any claims personnel, claim managers, claim supervisors, or any other person acting on behalf of Defendant in the handling of the claims, that refer or relate in any way to the handling of disability claims generally or to the handling of the claims of like character to the claims made the basis of Plaintiff's complaint, including, but not limited to:

(a)    The documents reflecting Defendant's claim settlement policies as they existed at the time Defendant denied the claims made the basis of Plaintiff's complaint;

(b)    The documents reflecting any subsequent change of policy.

7.    All reinsurance, umbrella and/or stop-loss coverage documents and/or policy declarations referring or relating in any way to Defendant's reinsurance of the risks covered by disability policies, including, but not limited to:

(a)    All letters, memoranda, and other forms of written communication between any employee of Defendant and any reinsurer;

(b)    All written records of oral communications, whether in person or by telephone, between any employee of Defendant and any reinsurer;

(c)    The file folders in which such documents are kept.

8.    Produce all proof of loss or claim documents submitted by Plaintiff and/or his medical providers with regard to any claim made the basis of this suit.

9.    All documents, correspondence or papers of any sort rejecting the claim(s) or any aspect of the claim(s) made the basis of this suit.

10.    All statements taken from any person or individual with regard to the claim(s) made the basis of this suit, whether written, oral or transcribed.

11.    All reports or correspondence of any sort between this Defendant and any independent analyst, consultant, medical professional, entity and/or agency with regard to any aspect of the investigation, consideration or refusal of the claim made the basis of this suit.

12.    All memoranda and/or recordings of phone calls between or among the Defendants, Plaintiff, medical providers or any other person, which relates in any way to the claim made the basis of this case.

13.    All correspondence, compensation agreements, electronic communication, invoices and memoranda of any sort between this Defendant and each consultant that you contacted and/or each consultant that provided work in the claim review or decision of the claim made the basis of this case.

14.     All reports received by this Defendant from any person or agency which you hired to investigate, review, consider, or deal with any aspect of the refusal, termination or consideration of the claim made the basis of this case.

15.     All documents or reports of any sort which purport to show any analysis, projection or report of this Defendant's loss ratios on disability insurance for the past seven years in the State of Alabama.

16.     All checks, invoices, agreements, periodic reports or papers of any sort which reflect payment to any person, contractor, administrator or agency hired by this Defendant to do any aspect of the claim made the basis of this suit.

17.     All reports and/or correspondence received from any expert witness who is retained and is expected to testify in this case.

18.     Produce each document and thing that you will offer as evidence in the trial of this matter.

Respectfully submitted,

__/s/ Jeff S. Daniel_____
Jeff S. Daniel (DAN034)
LAW OFFICE OF JEFF DANIEL, P.C.
Post Office Box 131323
Birmingham, Alabama   35213
Telephone: (205) 531-1287
Facsimile: (205) 327-5773
www.JeffDanielLaw.com

Attorney for the Plaintiff

Defendants' Addresses:

PHOENIX LIFE LIFE INSURANCE CORPORATION
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL   36104

PHOENIX LIFE INSURANCE COMPANY
c/o CT Corp System
2 N. Jackson St, # 605
Montgomery, AL   36104

**SERVED ON DEFENDANTS WITH SUMMONS AND COMPLAINT**



AlaFile E-Notice

01-CV-2017-901347.00

To:   JEFF S DANIEL
      jsd10@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL
01-CV-2017-901347.00

The following complaint was FILED on 4/4/2017 11:59:30 AM

Notice Date:      4/4/2017 11:59:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901347.00

To:  AMERITAS LIFE INSURANCE CORPORATION
     C/O CT CORP SYSTEM, AGENT
     2 N. JACKSON ST, STE #605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL
01-CV-2017-901347.00

The following complaint was FILED on 4/4/2017 11:59:30 AM

Notice Date:      4/4/2017 11:59:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-901347.00

To:   PHOENIX LIFE INSURANCE COMPANY
      C/O CT CORP SYST, AGENT
      2 N. JACKSON ST, STE #605
      MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL
01-CV-2017-901347.00

The following complaint was FILED on 4/4/2017 11:59:30 AM

Notice Date:      4/4/2017 11:59:30 AM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-901347.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL

**NOTICE TO:**  AMERITAS LIFE INSURANCE CORPORATION, C/O CT CORP SYSTEM, AGENT 2 N. JACKSON ST, STE #605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFF S DANIEL                                                                                                                                                    ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID W. PATTON M.D. pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 4/4/2017 11:59:30 AM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ JEFF S DANIEL

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____.

*(Date)*

_____    _____

*(Type of Process Server)*      *(Server's Signature)*

*(Address of Server)*

*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 7/2016 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-901347.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL

**NOTICE TO:** PHOENIX LIFE INSURANCE COMPANY, C/O CT CORP SYST, AGENT 2 N. JACKSON ST, STE #605, MONTGOMERY, AL 36104

<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFF S DANIEL ,

<em>[Name(s) of Attorney(s)]</em>

WHOSE ADDRESS(ES) IS/ARE: 2101 4TH AVENUE SOUTH, SUITE 200, BIRMINGHAM, AL 35233 .

<em>[Address(es) of Plaintiff(s) or Attorney(s)]</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DAVID W. PATTON M.D.
pursuant to the Alabama Rules of the Civil Procedure.

<em>[Name(s)]</em>

| 4/4/2017 11:59:30 AM | /s/ ANNE-MARIE ADAMS | By: |
| --- | --- | --- |
| <em>(Date)</em> | <em>(Signature of Clerk)</em> | <em>(Name)</em> |

☑ Certified Mail is hereby requested.   /s/ JEFF S DANIEL

<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

<em>(Name of Person Served)</em>                     <em>(Name of County)</em>

Alabama on _____ .

<em>(Date)</em>

| | | |
| --- | --- | --- |
| | | <em>(Address of Server)</em> |
| <em>(Type of Process Server)</em> | <em>(Server's Signature)</em> | |
| | <em>(Server's Printed Name)</em> | <em>(Phone Number of Server)</em> |



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL

01-CV-2017-901347.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $16.26

Parties to be served by Certified Mail - Return Receipt Requested

AMERITAS LIFE INSURANCE CORPORATION                     Postage: $8.13
C/O CT CORP SYSTEM, AGENT
2 N. JACKSON ST, STE #605
MONTGOMERY, AL 36104

PHOENIX LIFE INSURANCE COMPANY                          Postage: $8.13
C/O CT CORP SYST, AGENT
2 N. JACKSON ST, STE #605
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)        $ _____
- ☐ Return Receipt (electronic)      $ _____
- ☐ Certified Mail Restricted Delivery  $ _____
- ☐ Adult Signature Required         $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

$   CV2017  901347  S/C DI

Total Postage and Fees

$

Sent To   *Ameritas Life Ins. Corp*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 7682 0000 0340 9416

---

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERITAS LIFE INSURANCE CORPORATION
C/O CT CORP SYSTEM, AGENT
2 N. JACKSON ST, STE #605
MONTGOMERY. AL 36104

CV2017  901347  S/C  DI

9590 9402 2711 6351 7823 68

2. Article Number (Transfer from service label)

7016 0340 0000 7882 9416

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery
  (0)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7016 0340 0000 7882 9423

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$  CV2017  901347  S/C  DS

Total Postage and Fees
$

Sent To  Phoenix Life Ins Co.

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:
PHOENIX LIFE INSURANCE COMPANY
C/O CT CORP SYST, AGENT     DS
2 N. JACKSON ST, STE #605
MONTGOMERY, AL 36104

CV2017  901347  S/C  DS

9590 9402 2711 6351 7823 75

2. Article Number (Transfer from service label)
7016 0340 0000 7882 9423

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                         ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

PHOENIX LIFE INSURANCE COMPANY

C/O CT CORP SYST, AGENT

2 N. JACKSON ST, STE #605

MONTGOMERY, AL 36104

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

CV2017 901347 S/C DS



9590 9402 2711 6351 7823 75

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Mail
   Mail Restricted Delivery
   X0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7016 0340 0000 7882 9423

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 2751 6351 7823 75

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 19 2017

ANNE-MARIE ADAMS
CLERK

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

ANNE-MARIE ADAMS, CLERK

ROOM 400 JEFF. CO. COURTHOUSE

716 RICHARD ARRINGTON JR BLVD. NO.

BIRMINGHAM, ALABAMA  35203



AlaFile E-Notice

01-CV-2017-901347.00

Judge: PAT BALLARD

To:  DANIEL JEFFREY STUART
     jsd10@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL
01-CV-2017-901347.00

The following matter was served on 4/13/2017

**D002 PHOENIX LIFE INSURANCE COMPANY**

**Corresponding To**

CERTIFIED MAIL

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AMERITAS LIFE INSURANCE CORPORATION

C/O CT CORP SYSTEM, AGENT

2 N. JACKSON ST, STE #605

MONTGOMERY, AL 36104



9590 9402 2711 6351 7823 68

2. Article Number (Transfer from service label)

7016 0340 0000 7882 9416

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Mail
- ☐ Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

MONTGOMERY

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 2711 6351 7823 68

APR 19 2017

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4 in this box•

ANNE-MARIE ADAMS
CLERK

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA  35203



AlaFile E-Notice

01-CV-2017-901347.00

Judge: PAT BALLARD

To:  DANIEL JEFFREY STUART
jsd10@bellsouth.net

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DAVID W. PATTON M.D. V. AMERITAS LIFE INSURANCE CORPORATION ET AL
01-CV-2017-901347.00

The following matter was served on 4/13/2017

**D001 AMERITAS LIFE INSURANCE CORPORATION**

**Corresponding To**

CERTIFIED MAIL

S/C

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov